**UNITED STATES of America,**
**Appellee,**

v.

**Ohionameh AREGBEYEN,**
**Defendant–Appellant.**

**No. 00–1698.**

United States Court of Appeals,
Second Circuit.

Argued May 15, 2001.

Decided May 25, 2001.

---

Colleen P. Cassidy, Of Counsel, The Legal Aid Society, New York, NY, for appellant.

Emily Berger, Assistant United States Attorney, Brooklyn, NY, (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), for appellee.

Before FEINBERG, OAKES, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Appellant Ohionameh Aregbeyen ("Aregbeyen") appeals a sentence entered in the district court after he pled guilty to one count of importing heroin in violation of 21 U.S.C. § 952(a). Specifically, Aregbeyen appeals the district court's imposition of a $7, 500 fine after it found that Aregbeyen had not demonstrated his inability to pay a fine. We review the district court's findings at sentencing for clear error. *See United States v. Thompson*, 227 F.3d 43, 45 (2d Cir.2000).

Section 5E1.2 of the United States Sentencing Guidelines provides that a sentencing court must impose a fine in all cases "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Here, Aregbeyen showed that he is presently indigent by pointing to the pre-sentence report's finding that he is unable to pay a fine, *see Thompson*, 227 F.3d at 45, and to the fact

that he is represented by assigned counsel, *see* U.S.S.G. § 5E1.2, app. note 3; *see also United States v. Corace*, 146 F.3d 51, 56 (2d Cir.1998).

 Once a defendant has shown his present indigence, "the discretion vested in sentencing courts to waive a fine should generally be executed in favor of such a waiver." *Corace*, 146 F.3d at 56 (internal quotation marks and alterations omitted). A court may impose a fine on a defendant who is presently indigent "only if there is evidence in the record that he will have the earning capacity to pay the fine after release from prison." *Id.* (internal quotation marks omitted). A district court must afford the defendant an opportunity to present evidence of his inability to pay a fine. *See id.*

In this case, the district court found that Aregbeyen is able to pay a fine. The grounds for this finding, however, are unclear from the record before this Court. On remand, the court should make more specific findings regarding Aregbeyen's ability to pay a fine. Additionally, the district court on remand should allow Aregbeyen the opportunity to present evidence of his inability to pay, including, *inter alia,* affording him the opportunity to show the value (or lack thereof) of his stock.

Accordingly, we remand this case to the district court for it to supplement the record. This Court retains jurisdiction to hear Aregbeyen's claims once the record has been supplemented. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994) (acknowledging this Court's authority "to retain jurisdiction while remanding to the district court to supplement the record with further findings and conclusions").