**UNITED STATES of America,**
**Appellee,**

v.

**Damon WALKER, aka Bucky, Quinne Powell, Defendants–Appellants.**

**Nos. 05–6701 (Lead), 06–0132 (con).**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2008.

Todd A. Bussert, Law Office of Todd A. Bussert, New Haven, CT, for Defendant–Appellant Walker.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant Powell.

Alina P. Reynolds, William J. Nardini, Assistant United States Attorneys (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Alex V. Hernandez, Assistant United States Attorney, on the brief), Bridgeport, CT, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. PETER W. HALL and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Damon Walker and Quinne Powell appeal their convictions and sentences, following a jury trial, on charges of racketeering, racketeering conspiracy, conspiracy with intent to distribute and distribution of 50 grams or more of crack cocaine, witness tampering and, in the case against Powell, conspiracy to commit money laundering. Defendants raise ten issues on appeal, which include, *inter alia*, improper admission of evidence, insufficiency of evidence to support certain convictions, that certain charges were barred by the statute of limitations, faulty jury instructions, violations of the Confrontation Clause, and sentencing concerns. The arguments with respect to improper admission of opinion evidence and violations of the Confrontation Clause are raised jointly, while the others are raised individually. For the following reasons, we affirm the convictions of both defendants and also Walker's sentence, and we remand to the district court for further proceedings with respect to Powell's sentence. We assume the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

### I. Walker's Arguments

 Walker's primary argument is that there was insufficient evidence introduced at trial to support the witness tampering count because Jose Osorio seemed to re-

cant his story about the alleged threat made to him by Walker. Osorio stated on direct examination that Walker had told him that he should "be careful [about talking to the authorities] because everybody . . . in the streets [sic] gonna know about it and you will be taken care of." Osorio indicated on cross, redirect, re-cross, and re-re-direct examination that Walker had merely told him that he should "just maintain and don't say nothin,' or whatever." While it is true that one could draw the inference from Osorio's later testimony that Walker's message to him was not threatening, it was equally reasonable for the jury to draw the inference that Walker did, in fact, threaten Osorio. We must defer "to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998). Walker has not met the "heavy burden" of challenging his conviction on this ground. *United States v. Feliciano*, 223 F.3d 102, 113 (2d Cir.2000).

Walker's remaining arguments lack merit as well. First, it was not an abuse of discretion for the district court to admit evidence of 1996 and 1998 acts not charged in the indictment, because even if these acts were not in furtherance of the larger conspiracy, *see, e.g., United States v. Thai*, 29 F.3d 785, 812 (2d Cir.1994), the testimony in question was offered for a proper purpose, was relevant to whether Walker was in the narcotics trafficking business, was more probative than prejudicial, and was followed by the court's administration of the required limiting instruction, *see United States v. Garcia*, 291 F.3d 127, 136 (2d Cir.2002). Second, Walker's argument that there was insufficient evidence presented to show that the substance seized from Walker was crack cocaine lacks merit. "[T]he jury's verdict may be based entirely on circumstantial

evidence." *United States v. Sureff*, 15 F.3d 225, 228 (2d Cir.1994). Here, that evidence included both the testimony of cooperating witnesses that the purpose of the conspiracy was distributing crack cocaine and the testimony of law enforcement officers who recognized that the substance seized was in fact crack. Finally, we reject Walker's sentencing arguments because: (1) his briefs do not point to any error in the district court's decision to reject his argument and apply the "use of a minor" enhancement under U.S.S.G. § 3B1.4; (2) Application Note 8 of U.S.S.G. § 3C1.1 advises that if a defendant is "convicted both of an obstruction offense . . . and an underlying offense," the two counts should be grouped and the offense level for the underlying offense should be increased by two levels; and (3) Walker's prior conviction need not have been placed before a jury under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).

## II. Powell's Arguments

Powell also raises a number of arguments on appeal. The first category we address is his claim that he was denied a fair trial. He asserts four bases for this broad argument: (1) the court permitted Special Agent Milton Tyrrell to opine on the credibility of the government's cooperating witnesses; (2) the court permitted officers to offer scientific opinion testimony with respect to the results of various narcotics field tests; (3) the government suggested during summation that cooperating

witness Joseph DePalo was facing charges in connection with offenses related to the conspiracy; and (4) the government told the jury during summation that Osorio had confused his testimony about the dates when he was threatened by Powell not to cooperate with the government. Only the first of these arguments was also made before the trial court. All of them lack merit.

 It was not an abuse of discretion to allow Agent Tyrrell's testimony at trial. *See United States v. Dwyer,* 539 F.2d 924, 927 (2d Cir.1976) (decisions about whether to exclude relevant evidence are reviewed for abuse of discretion). Tyrrell was describing generally the process of locating and debriefing cooperating witnesses when he said that "90 [to] 95 percent of [the] time we know if they're telling the truth or not. If they're not, you know, we'll ... sit down, you know, we'll step away and we'll figure out what we're going to do. But in this investigation, most of the guys that— the cooperators that we dealt with, we had—an excellent idea of what was going on, you know, in P.T. Barnum." It was within the district court's discretion to conclude that in so testifying Tyrrell was not passing judgment on the credibility of the cooperating witnesses. In any event, any potential error was cured by the district court's instruction to the jurors that they were the sole judges of witness credibility.

 The other arguments asserting that Powell was denied a fair trial fail to demonstrate plain error. *See* Fed. R.Crim.P. 52(b); *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (applying "plain error" standard of review to unpreserved claims of error). The officers who testified about the seized narcotics acknowledged that their testimony was based on their experience as police officers. Moreover, the jury was instructed that police officer testimony should be giv-

en no greater weight than testimony of any other witness. We must presume that the jury followed that instruction. *See United States v. Downing,* 297 F.3d 52, 59 (2d Cir.2002). The government's comment during rebuttal summation that DePalo could be facing charges was an appropriate response to defense counsel's earlier suggestion in its closing argument that DePalo was not charged because of his race. The suggestion by the government during summation that Osorio had mistakenly testified that the threat to him was made in February 2000 instead of February 2001 was within the wide range of inferences the government was entitled to suggest in closing. *See United States v. Casamento,* 887 F.2d 1141, 1189 (2d Cir.1989) ("The government has broad latitude in the inferences it may reasonably suggest to the jury during summation.").

 Powell's remaining arguments, in addition to those already discussed asserting denial of a fair trial, are also raised for the first time on appeal. He argues that the jury instructions on Racketeering Act 3 were insufficient to assure unanimity. He fails to show that the instruction was in error, much less plain error, because he cannot demonstrate that Racketeering Act 3 involved a "complexity of the evidence or other factors [that] create[d] a genuine danger of jury confusion," such that the general unanimity instruction given was insufficient. *United States v. Schiff,* 801 F.2d 108, 114–15 (2d Cir.1986). Powell argues for the first time that the limitations period for the drug possession count of the indictment had expired. As this affirmative defense was not raised below, we will not consider it on appeal. *See United States v. Walsh,* 700 F.2d 846, 855–56 (2d Cir.1983). He also contends that there was insufficient evidence to support the witness tampering count against him because Osorio testified that he was

threatened by Powell in February 2000, whereas he and Powell were not at the same correctional facility at that time. Powell fails to recognize, however, that evidence was introduced at trial indicating the two of them were together at the Bridgeport Correctional Center in February 2001. Viewing the evidence on this point in the light most favorable to the government, as we must, *see Morrison,* 153 F.3d at 49, a rational trier of fact could conclude that Osorio misspoke when he stated that he and Powell were together in February 2000 and that the threat was actually made in February 2001.

Powell contends further that his rights under the Confrontation Clause were violated when he was not allowed to question two cooperating witnesses about details of their acts underlying charges pending against them. For the district court to limit questioning of these witnesses about these acts does not constitute plain error. *See* Fed.R.Crim.P. 52(b); *Johnson,* 520 U.S. at 466–67, 117 S.Ct. 1544. It is within the clear authority of the trial judge to limit cross-examination, *see United States v. Flaharty,* 295 F.3d 182, 190–91 (2d Cir.2002), and it was appropriate to do so here in view of the witnesses' Fifth Amendment rights. To the extent that the court limited those areas of inquiry, it also had broad discretion to do so because the "probative value [of the evidence was] substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury," Fed. R.Evid. 403, especially because counsel was permitted to inquire into the witnesses' prior bad acts and the nature (if not the specifics) of the pending charges.

Powell's final argument is that the district court erred in imposing on him a $100,000 fine without explaining the reasons for the fine or why it found that Powell has the ability to pay the fine. On this point we agree with Powell. Section 5E1.2(a) of the Guidelines states that a sentencing court should impose a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." The district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and must "consider . . . the defendant's income, earning capacity, and financial resources" in imposing a fine, 18 U.S.C. § 3572(a)(1). "Our case law has recognized that the defendant bears the burden to show indigence that will avoid imposition of a fine." *United States v. Corace,* 146 F.3d 51, 56 (2d Cir.1998). This burden may be "satisf[ied] either by independent evidence or by reference to the Presentence Report." *United States v. Thompson,* 227 F.3d 43, 45 (2d Cir.2000). This Court has "observed that once indigence has been shown, 'the discretion vested in sentencing courts . . . to waive a fine . . . should generally be executed in favor of such a waiver.'" *Corace,* 146 F.3d at 56 (quoting *United States v. Wong,* 40 F.3d 1347, 1383 (2d Cir.1994) (ellipses in original)). Thus, if the defendant establishes a colorable basis for believing he does not have the ability to pay a fine, "[t]he sentencing court may not base the imposition of a fine on its mere suspicion that the defendant has funds," *United States v. Rivera,* 22 F.3d 430, 440 (2d Cir.1994), but must make a finding as to the defendant's ability to pay, *see Corace,* 146 F.3d at 57.

In the instant case, contrary to the government's contention, Powell met his burden of proving indigence by referencing the PSR's finding that "it does not appear that he has the ability to pay a fine within the guidelines range." That being the case, the district court needed to articulate findings regarding Powell's ability to pay the $100,000 fine assessed. It did not do so but instead admonished Powell: "You don't want to work. . . . You just want easy

money." The district court's observation that Powell "made a lot of money" from his crimes, however, is not a factual finding that Powell is presently capable of paying a fine or will become capable of paying in the future.

Thus, whether Powell is not or will not become financially solvent is an open question, and in accordance with *United States v. Aregbeyen*, 251 F.3d 337, 339 (2d Cir. 2001) (per curiam), we remand this matter to the district court for it to supplement the record with "specific findings regarding [Powell's] ability to pay." *See id.* (remanding for "specific findings regarding [defendant's] ability to pay" a fine when grounds for district court's finding that he could pay were unclear from the record before this Court).

The judgment of the District Court with respect to Defendant Walker is hereby **AFFIRMED.** The judgment of the District Court with respect to Defendant Powell is hereby **AFFIRMED** in part, and the case is **REMANDED** to the District Court so it may clarify the basis for imposing a $100,000 fine on Powell. This remand is pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994). The District Court, on remand, should amend its judgment to include a written statement of the specific reasons for the fine imposed against Powell and, if it sees fit, may further develop the record with regard to Powell's present financial condition and his predicted earnings capacity. Within ten days after the District Court concludes proceedings pursuant to this remand order, either party to those proceedings (Defendant Powell or the Government) may restore jurisdiction

to this panel by giving notice to the Clerk of Court. *See Jacobson*, 15 F.3d at 22.