*United States v. Rosario*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

PRESENT:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> > *Circuit Judges.*
> **JED S. RAKOFF,**[*]
> > *District Judge*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          18-2739

CARLOS ROSARIO,

> *Defendant-Appellant.*

Appearing for *Defendant-Appellant*:          PHILIP L. WEINSTEIN, New York, NY.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appearing for *Appellee*:

JUSTIN V. RODRIGUEZ (Anna M. Skotko, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case in which judgment was entered on September 5, 2018 is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Carlos Rosario appeals from a judgment of conviction in the United States District Court for the Southern District of New York following his guilty plea. Rosario pled guilty to several offenses related to the sexual exploitation of a minor. The district court sentenced Rosario to 240 months' imprisonment, to be followed by a lifetime of supervised release, imposed a special assessment of $300 and a special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act (JVTA). 18 U.S.C. § 3014(a). Rosario appeals the imposition of the $5,000 JVTA assessment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The sole question before us is whether the defendant is a "non-indigent" offender for purposes of Section 3014(a). Section 3014(a) requires that any "non-indigent" offender's sentence include a $5,000 JVTA assessment. 18 U.S.C. § 3014(a). This court has

2

not yet had the opportunity to consider what constitutes indigence for purposes of Section 3014(a). Rosario argues that because he was assigned counsel, he is indigent, and the assessment should not have been imposed. He concedes that this argument was not raised below and we, therefore, review it under a plain error standard.

We generally have declined to articulate precise standards for assessing the district court's imposition of a particular sentence, *see United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006), and are hesitant to require any specific incantations or utterances by the district court, *see United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Nevertheless, district courts "must adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007).

The record is unclear as to why and how the district court determined that Rosario was not indigent for purposes of Section 3014(a). While the district court explicitly adopted the Presentence Investigation Report (PSR), which had recommended the JVTA assessment, the PSR contained no specific finding with respect to Rosario's indigency, but it in fact concluded that no fine should be imposed because of Rosario's "limited known financial resources." PSR at 34. Although the non-imposition of fines may not be determinative in establishing indigency under Section 3014(a), we believe that in this instance the issue would be better resolved by the district court in accordance with *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). *See United States v. Aregbeyen*, 251 F.3d 337,

3

338-39 (2d Cir. 2001) (per curiam). We remand this matter to the district court so it may clarify the basis for imposing the $5,000 JVTA assessment and may supplement the record with specific findings regarding Rosario's non-indigency. *See id* at 339 (remanding for findings regarding defendant's ability to pay a fine when grounds to impose the fine were unclear from the record). The district court, if it sees fit, may further develop the record with regard to Rosario's present financial condition and his predicted earnings capacity. We retain jurisdiction to hear Rosario's claims once the record has been supplemented. *Id.* (citing *Jacobson*, 15 F.3d at 22). The parties shall notify this Court once the district court has issued its decision.

For the foregoing reasons, pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), we hereby **REMAND** the judgment of the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4