18-550-cr
*United States v. Ahmed*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.             18-550-cr

SYED IMRAN AHMED, M.D.,

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | DONNA R. NEWMAN, Law Offices of Donna R. Newman, PA, New York, NY |
| | Clara Kalhous, Attorney at Law, New York, NY |
| For Appellee: | ROSS B. GOLDMAN, Criminal Division, Appellate Section, U.S. Department of Justice, Washington, D.C. |
| | F. Turner Buford, Patricia E. Notopoulos, Karin K. Orenstein, Assistant United States Attorneys, *for* |

1

Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY

Debra Jaroslawicz, Fraud Section; Matthew S. Miner, Deputy Assistant Attorney General; Brian A. Benczkowski, Assistant Attorney General, U.S. Department of Justice, Washington, DC

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Dr. Syed Imran Ahmed ("Ahmed") appeals from a February 14, 2018 judgment in the United States District Court for the Eastern District of New York (Irizarry, *J.*), convicting him of one count of health care fraud, three counts of making false statements in connection with the delivery of or payment for health care benefits, items, or services, and two counts of money laundering; sentencing him to 156 months' imprisonment; ordering restitution in the amount of $7,266,008.95; incorporating a forfeiture money judgment order also in the amount of $7,266,008.95; imposing a fine of $20,000; and imposing a number of special conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

**I. The Procedural Reasonableness of Ahmed's Sentence**

At sentencing, the district court determined that Ahmed's convictions carried a total offense level of 29 under the United States Sentencing Guidelines (the "Guidelines"), which, after applying a criminal history category of I, corresponds to a Guidelines range of 87–108 months'

2

imprisonment. Nonetheless, after the district court evaluated the sentencing factors set out in 18 U.S.C. § 3553(a), it imposed a sentence of 156 months—48 months higher than the high end of the Guidelines range it had calculated. The attachment to Form AO245B, labeled "Statement of Reasons" (the "Attachment"), also identifies 87–108 months as the applicable Guidelines range, but then includes a checkmark on the following page indicating that "[t]he sentence is within the guideline range."[1] On appeal, Ahmed argues that this checkmark demonstrates that the district court calculated the Guidelines range improperly. He also argues that the district court failed adequately to explain its decision to impose an above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (identifying both improperly calculating the Guidelines range and failing adequately to explain the chosen sentence as procedural error). For the following reasons, we disagree with Ahmed as to both conclusions.

Where, as here, a defendant fails to raise a procedural objection at sentencing, we review those claims for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Upon review of the sentencing record, we conclude that the district court neither calculated the Guidelines range incorrectly nor imposed a sentence without adequate explanation. Rather, the district court carefully performed its (correct) calculation process in open court, confirming the resulting Guidelines range with both parties. It then imposed an above-Guidelines sentence of 156 months, after a detailed explanation rooted in the § 3553(a) factors. *See United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006). When Ahmed's counsel noted that the sentence was roughly 50% greater than the high end of the Guidelines range, the district court acknowledged the

---

[1] Pursuant to 18 U.S.C. §3553(c), district courts are required to submit to the United States Sentencing Commission a written statement of reasons for each criminal sentence imposed. Courts do so using the Attachment, a four-page form issued by the Administrative Office of the United States Courts. *United States v. Espinoza*, 514 F.3d 209, 211 n.1 (2d Cir. 2008).

objection and reaffirmed the sentence. The district court then issued a judgment incorporating the 156-month sentence and appended its Statement of Reasons, which identified the same, correct Guidelines sentence range that it had calculated in the sentencing hearing. The inconsistent checkbox on the following page is an apparent clerical error. We discern no procedural error in the district court's calculation of the Guidelines range or in its explanation for its sentence. Upon the remand directed below, the district court should correct the inaccurate checkmark at Section IV(A) of the Attachment.[2]

## II. The Substantive Reasonableness of Ahmed's Sentence

Ahmed also argues that, independent of its procedural reasonableness, his 156-month sentence was substantively unreasonable. Since Ahmed objected to the length of the sentence below, we review its substantive reasonableness for abuse of discretion. *Verkhoglyad*, 516 F.3d at 127. This "review . . . for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We "identify[] as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). We do not identify such unreasonableness here. In explaining its sentence, the district court reasoned, *inter alia*, that Ahmed took advantage of society's most vulnerable people, that he had no need to do so other than to satisfy his own greed, that his crimes were exceptionally blatant, and that he attempted to launder money specifically to frustrate a federal investigation. These explanations, reflective of the "district court's unique factfinding position, which allows it to hear evidence, make credibility

_____

[2] The district court is also directed to amend the Attachment to reflect that it adopted the presentence investigation report not without change, but rather with a loss enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1), of 18 rather than 24.

4

determinations, and interact directly with the defendant," *Id.*, 699 F.3d at 289, are compelling. Under our liberal standard of review, we conclude that the district court did not abuse its discretion by imposing the sentence here.

### III. The $20,000 Fine

In addition to imposing a term of imprisonment, the district court ordered Ahmed to pay $7,266,008.95 in forfeiture, an equal amount in restitution, and a $20,000 fine. In the Attachment, the district court wrote that Ahmed "reported significant assets and liabilities, with a total net worth of approximately $1,403,498.79. Based on [his] financial profile, it appears that he is able to pay a fine at the low end of the advisory range." The $20,000 fine the district court imposed was equal to the low end of the Guidelines fine range as calculated by the United States Probation Office (the "Probation Office"). On appeal, Ahmed argues that the district court erred in imposing this fine because the forfeiture and restitution orders will render him penniless, making a fine presumptively unreasonable. *See United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001) ("[I]t is ordinarily an abuse of discretion to impose a fine that exceeds a defendant's ability to pay.").

Where, as here, the defendant did not object to the imposition of a fine at sentencing, we review the fine for plain error. *United States v. Pfaff*, 619 F.3d 172, 174 (2d Cir. 2010). The Guidelines state "that a sentencing court must impose a fine in all cases 'except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.'" *United States v. Aregbeyen*, 251 F.3d 337, 338–39 (2d Cir. 2001) (quoting U.S.S.G. § 5E1.2(a)). "A court may impose a fine on a defendant who is presently indigent only if there is evidence in the record that he will have the earning capacity to pay the fine after release from prison." *Id.* (internal quotation marks omitted). Here, the district court did not plainly err in concluding that Ahmed failed to show a future inability to pay the imposed fine. Ahmed is well educated, will be

5

only 60 years old upon release, and will presumably enjoy the support of his immediate family members, several of whom are themselves successful professionals.

The district court did err, however, when—in reliance on the Probation Office's calculations—it set the fine by reference to an incorrectly calculated Guidelines fine range. The applicable fine table provides that an offense level of 29 carries a minimum Guidelines fine of $15,000 rather than the $20,000 the district court calculated. *See* U.S.S.G. § 5E1.2(c) (2014); *see also* U.S.S.G. § 5E1.2(h) (2016) (instructing that the Guideline fine range applicable to offenses committed prior to November 1, 2015 is the one set forth in the 2014 version of the Guidelines). Because the district court expressed a clear intent to impose a fine at the low end of the Guidelines range, we vacate the fine and direct the district court on remand to recalculate the applicable Guidelines fine range, reconsider the amount of the fine, and amend its judgment and the Attachment accordingly.

### IV. The Forfeiture Money Order

Following sentencing, the district court ordered that Ahmed forfeit $7,266,008.95. On appeal, Ahmed claims that the district court had no statutory authorization to enter a forfeiture money order. Although Ahmed recognizes that our decision in *United States v. Awad*, 598 F.3d 76, 78 (2d Cir. 2010) (per curiam), holds that 21 U.S.C. § 853 authorizes judgments of money forfeiture, he argues that we should reconsider *Awad* in light of the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which held § 853 forfeiture incompatible with joint and several conspiracy liability. But we have already held that *Honeycutt* does not address the propriety of money forfeiture, and that *Awad* remains controlling precedent. *See, e.g.*, *United States v. Peralta*, 778 F. App'x 45, 46 (2d Cir. 2019). Accordingly, we affirm the district court's forfeiture money order.

**V. The Self-Employment Condition of Supervised Release**

Ahmed argues that the district court did not adequately justify its imposition of a special condition of supervised release requiring that he cooperate with the Probation Office in seeking and entering into self-employment. As Ahmed had notice of the special condition prior to sentencing but failed to object, we review the imposition of this condition for plain error. *See United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019). Special conditions may be imposed to the extent they are "reasonably related" to any one of several factors, including, as relevant, "the nature and circumstances of the offense and the history and characteristics of the defendant." *United States v. Browder*, 866 F.3d 504, 510 (2d Cir. 2017) (quoting U.S.S.G. § 5D1.3(b)); *see also* 18 U.S.C. § 3583(d). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "In the absence of such an explanation," however, "we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." Id. (internal quotation marks omitted).

We conclude that the district court did not plainly err in imposing the self-employment condition. Although the court did not explain the basis for the condition during the sentencing proceeding, it is abundantly evident from the record. It is precisely because Ahmed was self-employed that he was able to fabricate fraudulent bills for an impossible number of medical procedures in committing the crime of conviction. Moreover, in its Statement of Reasons, the district court explained that "release conditions concerning employment are imposed in light of defendant's self-employment as a medical doctor and the use of his medical license . . . to facilitate the instant offense." This explanation, coupled with the record evidence, demonstrates that the district court made the required individualized assessment.

\* \* \*

We have considered Ahmed's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the fine, **AFFIRM** the judgment of the district court in all other respects, and **REMAND** to the district court to amend the Statement of Reasons and to reconsider the amount of the fine.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk