18-1590(L)
United States v. John Doe #1

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of April, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                      *Circuit Judges*,
             JESSE M. FURMAN,
                      *Judge*.[1]

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

            v.                                          18-1590, 18-1689

JOHN DOE #1, JOHN DOE #2,

                            *Defendants-Appellants*,

_____

Appearing for Appellant Doe #1:     Michelle Anderson Barth, Burlington, VT.

Appearing for Appellant Doe #2:     Clinton W. Calhoun III, Calhoun & Lawrence LLP, White Plains, N.Y.

_____

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellee:        Emil J. Bove, III, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED in part and VACATED and REMANDED in part**.

Appellants John Doe #1 and John Doe #2 appeal from the May 15, 2018 judgments entered in the United States District Court for the Southern District of New York (Crotty, *J.*) sentencing Appellants principally to 144 months' imprisonment followed by five years' supervised release. Doe #1 was also fined $1,020,000 and Doe #2 was fined $390,000. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Appellants challenge the imposition of their fines, the substantive reasonableness of their sentences, and two supervised release conditions. Doe #2 also challenges the district court's conclusion that he was ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f) and brings an ineffective assistance of counsel claim. We address each issue in turn.

District courts must consider a defendant's income, earning capacity, and financial resources when imposing a fine. 18 U.S.C. § 3572(a)(1); *see United States v. Corace*, 146 F.3d 51, 55-56 (2d Cir. 1998) (describing "the principles governing imposition of a fine"). The burden is on the defendant to show indigency, *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001), but it may be satisfied either by independent evidence or by reference to the Presentence Report ("PSR"), *United States v. Thompson*, 227 F.3d 43, 45 (2d Cir. 2000). When the grounds for the district court's finding that a defendant could pay are unclear from the record, we may remand for "specific findings regarding [the defendant's] ability to pay." *United States v. Aregbeyen*, 251 F.3d 337, 339 (2d Cir. 2001).

We conclude that the district court erred in failing to make clear findings as to Appellants' abilities to pay the fines assessed. It is not clear from the record that Appellants could pay the fines, either presently or based on "evidence in the record that [they] will have the earning capacity to pay the fine after release from prison." *Aregbeyen*, 251 F.3d at 339 (quoting *Corace*, 146 F.3d at 56). The PSRs for the Appellants indicate their lack of financial resources, and they were represented by appointed counsel at the proceedings below, which further shows their inability to pay the fines. *Id*. at 338-39. Contrary to the Government's assertion, without further explanation, the Appellants' past receipt of funds over a period of many years does not necessarily establish a present ability to pay. Because the Appellants have met their burden in showing indigency, we remand to the district court to make specific findings regarding Appellants' present ability to pay.

We turn next to Appellants' argument that their sentences were substantively unreasonable. A sentence is substantively unreasonable when it is manifestly unjust or when it shocks the conscience. *United States v. Mumuni*, 946 F.3d 97, 107 (2d Cir. 2019).

We cannot say that the sentences here are substantively unreasonable. The district court acknowledged the difficulty of its decision and noted both the Appellants' cooperation and the seriousness of their crimes. After considering the relevant 18 U.S.C. § 3553(a) factors, the district court varied downwards significantly for each Appellant from the sentence recommended by the advisory Sentencing Guidelines. We do not believe the resultant sentences shock the conscience in light of the extent and nature of the crimes. Although Appellants claim that the district court weighed their crimes more heavily than their cooperation, we will not "second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor" when reviewing sentences for substantive reasonableness. *See United States v. Degroate*, 940 F.3d 167, 178 (2d Cir. 2019) (internal quotation marks and citation omitted). We accordingly affirm the sentences as substantively reasonable.

Appellants also challenge two supervised release conditions. The first condition at issue is the risk notification condition. Following our decision in *United States v. Boles*, 914 F.3d 95 (2d Cir. 2019), the United States District Court for the Southern District of New York (McMahon, *C.J.*) issued a district-wide standing order vacating the original default risk notification condition that had been imposed on Appellants. The new default risk notification condition is now a Special Condition that is imposed only if the probation officer recommends doing so to the district court, and the district court accepts the recommendation. Here, the new Special Condition has not yet been applied to either Appellant. Because of that, Appellants' claims relating to this condition are moot. *See United States v. Johnson*, 446 F.3d 272, 276 (2d Cir. 2006); *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). To the extent that Appellants challenge the new Special Condition, that issue is not yet ripe for judicial review. *See, e.g., United States v. Cabral*, 926 F.3d 687, 694 (10th Cir. 2019).

The second challenged condition is the communications prohibition, which prevents communicating or interacting with someone known to be a convicted felon without first getting the permission of the probation officer. Appellants argue the condition is vague, overbroad, and infringes on their substantive due process rights to familial association.

Because the Appellants did not object to the condition below, we review only for plain error. "Under the plain error standard, an appellant must demonstrate (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks and citation omitted). An error affects a defendant's substantial rights if it is prejudicial and affected the outcome of the district court proceedings. *United States v. Gore*, 154 F.3d 34, 47 (2d Cir. 1998).

We first address the vagueness and overbreadth arguments. We conclude that, even assuming an error was made, it was not clear or obvious enough to satisfy the plain error

standard. While Appellants argue that it is unclear whether the condition at issue is violated by de minimis contact like having lunch with coworkers who are felons or making small talk with them, Supreme Court precedent makes clear that such conditions excuse "incidental contacts between ex-convicts in the course of work on a legitimate job for a common employer" from restrictions on association. *Arciniega v. Freeman*, 404 U.S. 4, 4 (1971). We have also upheld other conditions on similar grounds in the face of vagueness challenges. *See, e.g., United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006); *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972).

With respect to Appellants' substantive due process challenge, although we have vacated restrictions on contact with family members in some contexts, *see, e.g., United States v. Myers*, 426 F.3d 337 (2d Cir. 2005), Appellants cite no case in which such a restriction imposed on relatives convicted as co-conspirators has been struck down. Accordingly, we do not find plain error in the imposition of the communication condition on the facts of this case.

Doe #2 brings two additional arguments. He first argues that the district court erred in concluding that he was ineligible for safety valve relief. Safety valve relief is available pursuant to 18 U.S.C. § 3553(f) when certain conditions are met, only one of which is relevant here: "the defendant provided the government, not later than the sentencing hearing, with all information and evidence concerning the offense known to him." *United States v. Holguin*, 436 F.3d 111, 115 (2d Cir. 2006).

The district court concluded that Doe #2 did not meet this condition based on a translated transcript of a recorded jail call that it interpreted as discussing an undisclosed drug transaction. Although Doe #2 argues that the translation was not entirely accurate and that the conversation was discussing a car sale, the district court's interpretation was not clearly erroneous. The recordings were played for Doe #1 during his cross-examination in a related trial, and Doe #1 confirmed that the individual was discussing pills. Given that testimony, it was not clearly erroneous for the district court to interpret the transcript as a coded conversation about a drug transaction, rather than a car sale. We accordingly affirm its conclusion on safety valve relief.

Doe #2's final argument is that his counsel at sentencing was constitutionally ineffective. We have "a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003). While we have nonetheless addressed these claims when their resolution is beyond a doubt, *id.*, we do not have a fully developed record in the case before us on this issue. As such, we decline to review Doe #2's ineffective assistance of counsel claim on direct appeal.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is VACATED and REMANDED in part and AFFIRMED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4