19-2346-cr
*United States v. Maluenda*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           REENA RAGGI,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,                    19-2346-cr

        v.

ROBERT MALUENDA,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Amy Busa, J. Matthew Haggans, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 5, 2019 judgment of the District Court be and hereby is **VACATED IN PART**, insofar as it imposes a $5,000 fine on an indigent defendant without proper consideration of his circumstances and ability to pay, and the cause **REMANDED** so that the District Court can reconsider its imposition of the fine and state its reasoning justifying any fine it ultimately may choose to impose.

Defendant-Appellant Robert Maluenda ("Maluenda") appeals from a June 5, 2019 judgment convicting him, following a guilty plea, of willfully failing to collect and pay taxes in violation of 26 U.S.C. § 7202. The District Court sentenced Maluenda principally to 14 months' imprisonment, to be followed by 3 years of supervised release. The District Court also imposed $302,524 in restitution, and a $5,000 fine. On appeal, Maluenda only challenges the imposition of the $5,000 fine. He argues that the imposition of the fine constitutes reversible error because the District Court failed to support its conclusion that Maluenda, an indigent defendant, could realistically pay the imposed fine and could do so in addition to making restitution. The Government agrees with Maluenda. In fact, both parties agree that a vacatur of the fine and a remand for reconsideration is required. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Where, as here, a defendant has properly established his indigence, the district judge retains discretion to decide whether to impose a fine. We have noted, however, that the discretion "to waive a fine . . . should generally be executed in favor of such a waiver." *United States v. Wong*, 40 F.3d 1347, 1383 (2d Cir. 1994). If the district judge chooses to impose a fine, then the judge must "indicate the basis for [its] implicit conclusion that the defendant could realistically be expected to pay a fine and could do so in an amount that would not impair his ability to make restitution." *United States v. Corace*, 146 F.3d 51, 57 (2d Cir. 1998); *see also* 18 U.S.C. § 3572(a)–(b) ("In determining whether to impose a fine," courts must consider, among other things, "the defendant's income, earning capacity, and financial resources"; "any pecuniary loss inflicted upon others"; and "whether restitution is ordered . . . and the amount of such restitution." Moreover, "[i]f . . . the defendant has the obligation to make restitution . . . , the court shall impose a fine . . . only to the extent that such fine [ ] will not impair the ability to make restitution.").

On review, we agree with the parties that, in the circumstances presented, the District Court failed to provide the explanation required by Congress and our precedents. As a threshold matter, there is no question that, in light of (a) the pre-sentence report's ("PSR") uncontroverted finding that Maluenda's "financial profile suggests he's unable to pay a fine," App'x at 64, and (b) by his representation by appointed counsel, Maluenda satisfied his initial burden to show that he is presently indigent. *See* Government's Br. at 11 ("In this case, Maluenda was represented by

appointed counsel, and the PSR Addendum concluded that he was indigent."); *cf. United States v. Aregbeyen*, 251 F.3d 337, 338–39 (2d Cir. 2001) (noting that the defendant "showed that he is presently indigent by pointing to the pre-sentence report's finding that he is unable to pay a fine and to the fact that he is represented by assigned counsel" (citation omitted)). Despite Maluenda's present indigence, the District Court did not articulate any factual findings regarding Maluenda's ability to pay the fine of $5,000, as required by Congress and our Court. *See Corace*, 146 F.3d at 56 (noting that, although "present indigence is not an absolute barrier to the imposition of a fine, a fine may be imposed on a currently indigent defendant only if there is 'evidence in the record that he will have the earning capacity to pay the fine after release from prison.'" (quoting *Wong*, 40 F.3d at 1382)).

"In the absence of such explication," our precedents require that the case "be remanded for reconsideration of the fine." *Id.* at 57; *see also Wong*, 40 F.3d at 1383. We do so here, notably, with the parties' consent. *See* Appellant's Br. at 15 (asking us to "vacate the $5,000 fine and remand with directions to the district court to reconsider that portion of the sentence"); Government's Br. at 11 (agreeing that "the district court should be given the opportunity to reconsider whether to impose a fine and, if it chooses to do so, to supplement the record with its findings on Maluenda's ability to pay the fine that was imposed").

## CONCLUSION

For the foregoing reasons, we **VACATE IN PART** the June 5, 2019 judgment of the District Court, insofar as it imposes a $5,000 fine on an indigent defendant without proper consideration of his circumstances and ability to pay, and **REMAND** the cause to the District Court so it can reconsider its imposition of the fine and state its reasoning justifying any fine it ultimately may choose to impose.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court