22-1704-cr
United States v. Mayhew

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
REENA RAGGI,
SUSAN L. CARNEY,
ALISON J. NATHAN,
*Circuit Judges.*

———————————————————————————

United States of America,

*Appellee,*

v.                                                            No. 22-1704-cr

Michael Mayhew,

*Defendant-Appellant.*[*]

———————————————————————————

———————————————

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR APPELLEE:                                  Geoffrey J.L. Brown, Rajit S. Dosanjh, *Assistant United States Attorneys of Counsel*, *for* Carla B. Freedman, *United States Attorney*, *Northern District of New York*, Syracuse, NY.

FOR DEFENDANT-APPELLANT:                        Randall D. Unger, Esq., Kew Gardens, NY.

Appeal from a July 28, 2022 judgment of the United States District Court for the Northern District of New York (Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that so much of the judgment as imposes a fifth special condition of supervised release, insofar as the district court there delegated to the Probation Department the decision-making authority to limit Defendant-Appellant Michael Mayhew to a single-internet capable device, is **VACATED,** the judgment is **AFFIRMED** in all other respects, and the case is **REMANDED** for further proceedings consistent with this order.

Michael Mayhew pled guilty to and was convicted of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B) and 2252A(b)(2) pursuant to a four-count indictment. The district court sentenced him to sixteen years and eight months imprisonment and thirty years of

2

supervised release on each count, to run concurrently. The district court imposed five special conditions of supervised release in addition to standard conditions of supervised release. And finally, Mayhew was ordered to pay a $30,000 fine, a mandatory $400 special assessment pursuant to 18 U.S.C. § 3013, a mandatory $5,000 special assessment pursuant to 18 U.S.C. § 3014, and a discretionary $17,000 special assessment pursuant to 18 U.S.C. § 2259A. Mayhew timely appeals, challenging two of his special conditions of supervised release and the $17,000 special assessment. We assume the parties' familiarity with the other relevant facts, procedural history, and issues on appeal.

## I. Special Conditions

### a. Standard of Review

We review preserved challenges to conditions of supervised release for abuse of discretion. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). Here, however, Mayhew failed to object below. Thus, we review for plain error unless the "defendant lacked sufficient notice of the challenged conditions," in which case "a less rigorous plain error" standard applies. *Id.* Mayhew urges this Court to apply such a less rigorous standard. But we decline to do so because Mayhew had notice of the conditions imposed and admitted as much before the district

3

court read them into the record. App'x at 100. "[O]ur caselaw is clear that traditional plain-error review applies when, as here, a defendant has notice that a condition of supervised release will be imposed and fails to object." *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025).

When reviewing for plain error, we will reverse only if the appellant shows "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Taylor*, 961 F.3d 68, 81 (2d Cir. 2020) (quotation marks omitted). "If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). "For an error to be plain, it must, at a minimum, be clear under current law." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (quotation marks omitted). And we "typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *Id.* (quotation marks omitted). "[I]n the rare case, we can notice plain error that does not contravene clearly established precedent where such error is so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *Id.* (cleaned up).

4

b.  Special Condition 3

The district court orally pronounced the third special condition of supervised release as follows:

> You shall undergo a psychosexual evaluation and, if recommended by the evaluator, you shall participate in a mental health treatment program, which may include, but will not be limited to, participation in a sex offense specific treatment program.  The probation office must approve the location, frequency and duration of treatment.  You shall abide by the rules of the program.  You shall contribute to the cost of any evaluation, testing, treatment, and/or monitoring services rendered in an amount to be determined by the probation officer based upon your ability to pay and availability of third-party payments.

App'x at 101.

Mayhew argues that by directing his participation in treatment "if recommended by the evaluator," *id.*, the district court impermissibly delegated its sentencing authority to the evaluator, violating *United States v. Matta*, 777 F.3d 116, 122–23 (2d Cir. 2015).  Mayhew's contention is that, analogous to the facts in *Matta*, Special Condition 3 permits the evaluator to impose treatment without the approval of the district court.

Mayhew's argument is defeated by *United States v. Degroate*, 940 F.3d 167 (2d Cir. 2019).  There, this Court held that in "deciding whether a district court has unlawfully delegated its judicial authority, we focus on the language employed by

the district court.  Where a district court has unequivocally mandated or authorized (based on future contingencies) a restriction on the releasee's liberty, we will not disturb the special condition of supervised release.  Where, however, the district court has left to [another] the ultimate decision of whether to restrict the defendant's liberty, we must vacate the condition of supervised release as improvidently imposed."  *Id.* at 177 (footnote omitted).

Focusing on the language of the Special Condition 3, the district court said that Mayhew "*shall* undergo psychosexual treatment and, if recommended by the evaluator, . . . *shall* participate in a mental health treatment program."  App'x at 101 (emphases added).  Here, we have an unequivocal mandate ("shall participate") based on a future contingency (recommendation by the evaluator).  *Degroate* tells us that this does not constitute an improper delegation in violation of *Matta*.

Mayhew also reads the condition to permit the evaluator to recommend and impose inpatient treatment without the district court's approval.  "[S]uch restrictive programs must be supported by particularized findings."  *United States v. Young*, 910 F.3d 665, 672 (2d Cir. 2018) (quotation marks omitted).  No such findings were made here.  And "in the absence of record evidence suggesting

6

otherwise," we presume sentencing judges know the law. *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008). We agree with the government that a knowing judge would not allow an evaluator to impose inpatient treatment without particularized findings, and so we construe Special Condition 3 to exclude the possibility of inpatient treatment.

Finally, Mayhew accuses the district court of failing to adequately explain its reasoning for imposing this special condition of supervised release. Whether the district court adequately did so or not,[1] we may still affirm where the reasons for the condition are "self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted). In a sentencing memorandum and on the record before the district court, Mayhew submitted the psychological evaluation of Dr. David Stang, who determined that Mayhew might benefit from "a term of probation with proper supervision, further education, counseling and medication." Gov't App'x at 5; *see* App'x at 88–89. Mayhew himself made the reasons for psychosexual evaluation and treatment recommended by it self-evident in the record. Accordingly, we affirm the district court's imposition of this

---

[1] At sentencing, the district court stated that the conditions of supervision were intended to address Mayhew's "sex offending behaviors." App'x at 103.

7

special condition, construing it to exclude the possibility of inpatient treatment without further order of the district court.

### c. Special Condition 5

The district court orally pronounced the fifth special condition of supervised release as follows:

> You shall not use or possess any computer, data storage device, or any other internet capable device unless you participate in a computer and internet monitoring program or unless authorized by the Court of the U.S. Probation Office. If placed in the computer and internet monitoring program, you shall comply with all the rules of the program and pay the costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor your use of computer or internet capable devices. You shall permit the U.S. Probation Office to conduct periodic unannounced examinations of any computer equipment, including any data storage device and internet capable device you use or possess. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. You may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities.

App'x at 102.

Preliminarily, the government concedes that the final sentence of the fifth special condition, which says that Mayhew "*may* be limited to possessing one personal internet capable device," constitutes a plainly erroneous delegation of judicial authority to Probation. *See* Gov't Br. at 43 (quoting App'x at 110). We

8

agree because we have previously construed such a "may be limited" condition to grant Probation the "discretion to decide whether or not to restrict a supervisee to a single internet-connected device" and determined that such a condition "would constitute an impermissible delegation of the court's judicial authority." *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023). "[S]uch a severe restraint on internet access . . . would require particularized justification by the court." *Id.* Therefore, on consent of the parties, we vacate that portion of Special Condition 5 purporting to vest Probation with the authority to restrict Mayhew to a single internet-capable device and we remand the case to the district court for it to forego such a condition or to impose it only as warranted by our holding in *Kunz*.

Mayhew also challenges another portion of this special condition, *viz.* that it allows "periodic unannounced examinations" of his devices, as improperly imposed. App'x at 102. Unable to press that this violates his Fourth Amendment rights, *see United States v. Oliveras*, 96 F.4th 298, 311 (2d Cir. 2024), he argues that this condition's imposition was procedurally unreasonable because the district court failed to make an individualized assessment as to its necessity. Assuming Mayhew did not waive this challenge by himself requesting "strict conditions of

supervision" in seeking a below-Guidelines incarceratory sentence, Gov't App'x at 9, we identify no plain error.

While explaining the sentence, the district court emphasized that Mayhew's conduct, including receiving child pornography on a computer, "went undetected for decades" and that he was "able to avoid being accountable and punished for these crimes." App'x at 99. The district court also noted Mayhew's "history and characteristics" when imposing the special conditions of supervised release. *Id.* at 103. Those characteristics are especially relevant here because Mayhew is an industry expert—having "over 30 years of experience working within the computer science/computer engineering field," working as a Supervisory Senior Computer Scientist for the United States Air Force Research Laboratory, Alliances, Transitions and Customer Relations Branch. Gov't App'x at 15. Mayhew has pointed to no authority—as he is typically required to on plain error review—that holds that decades of evading detection by a computer expert for a computer-related crime is an inadequate justification for otherwise permissible suspicionless searches of internet-capable devices on supervised release. For that reason, we find no plain error in the district court's explanation and affirm this portion of Special Condition 5.

## II.    Special Assessment

Mayhew's final challenge is that the district court procedurally erred in imposing the $17,000 maximum special assessment pursuant to 18 U.S.C. § 2259A. He argues that the district court failed to consider the appropriate factors set forth in 18 U.S.C. §§ 3553(a) and 3572, as required by 18 U.S.C. § 2259A(c).  *Id.*

"[R]igorous plain error analysis is appropriate" when, as here, a defendant fails to object to a district court's "alleged failure to properly consider" all the relevant statutory factors in sentencing.  *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007).  Courts are not required to make specific findings regarding the factors in §§ 3353(a) or 3572.  *See Graziano v. United States*, 83 F.3d 587, 589 (2d Cir. 1996).  Applying such a rigorous standard and where the district court was not required to make specific findings, we find no plain error here.

The district court stated that it "reviewed and considered all the pertinent information including, but not limited to, the Presentence Investigation Report, the addendum, the plea agreement, submissions by counsel, the 2021 Edition of the Sentencing Guidelines Manual, as well as the factors outlined in 18 U.S.C. Section 3553(a)."  App'x at 96.  Further, and specific to § 3572, the district court considered Mayhew's "financial resources, projected earnings, and other income,

11

as well as [his] financial obligations," when deciding what fine to impose. App'x at 103. In the absence of strong evidence to the contrary, there is no reason to presume, as Mayhew urges us to, that the district court ignored the factors it had just explicitly noted in imposing the higher $30,000 fine when it imposed the $17,000 special assessment. And while this Court can remand for "specific findings regarding [a defendant's] ability to pay," *United States v. Aregbeyen*, 251 F.3d 337, 339 (2d Cir. 2001), such a remand is unnecessary here. The district court adopted the Presentence Investigation Report, which made specific findings regarding his assets and ability to pay both fines and additional special assessments. Accordingly, we affirm the district court's imposition of the $17,000 special assessment.

We have considered Mayhew's remaining arguments and conclude they are without merit. Accordingly, we **VACATE** the portion of Special Condition 5 that purports to delegate authority to Probation to limit Mayhew to a single internet-capable device on supervised release; we otherwise **AFFIRM** the judgment of the district court in all respects; and we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12